[Cite as *State v. McEwen*, 2026-Ohio-3068.]

## IN THE COURT OF APPEALS OF OHIO
### ELEVENTH APPELLATE DISTRICT
### PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2026-P-0007 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ISAIAH R. MCEWEN, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00503 |

## OPINION AND JUDGMENT ENTRY

Decided: August 10, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *James W. Armstrong*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Isaiah R. McEwen ("McEwen"), appeals from the judgment of the Portage County Court of Common Pleas sentencing him to a minimum of four years to a maximum of six years upon his conviction of felonious assault.

{¶2} On appeal, McEwen asserts that his plea was not knowingly, intelligently, and voluntarily entered. We disagree. The trial court reviewed the constitutional rights with McEwen as required by Crim.R. 11. As such, McEwen's plea was knowingly, intelligently, and voluntarily entered.

{¶3} McEwen also claims that his trial counsel was ineffective for failing to advocate for community control. A guilty plea precludes an appeal for ineffective assistance of counsel, "'except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea.'" *State v. Cleavenger*, 2020-Ohio-73, ¶ 18 (11th Dist.), quoting *State v. Talley*, 2018-Ohio-5065, ¶ 32 (11th Dist.). As McEwen does not argue on appeal that but for counsel's alleged failure to advocate for community control, he would not have otherwise entered a guilty plea to the offense, his ineffective assistance of counsel claim is precluded from review.

{¶4} As none of McEwen's assignments of error have merit, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural History

{¶5} On June 26, 2025, the Portage County Grand Jury returned a single count indictment charging McEwen with felonious assault, a felony of the second degree, in violation of R.C. 2903.11. On June 30, 2025, McEwen pleaded not guilty at arraignment and bond was set at $50,000 cash or surety.

{¶6} On November 19, 2025, the matter came before the trial court for a change of plea. McEwen appeared with counsel, waived his rights, and entered a plea of guilty to the offense. The trial court determined that McEwen understood the rights he was waiving by pleading guilty and also understood the effect of his plea. The court concluded that McEwen entered his pela knowingly, intelligently, and voluntarily and found McEwen guilty of felonious assault. A presentence investigation ("PSI") was ordered and bond was continued.

Case No. 2026-P-0007

{¶7}   A sentencing hearing was held on January 29, 2026.  The trial court found McEwen was not amenable to community control and sentenced McEwen to an indefinite prison term of a minimum of four years to a maximum of six years. The trial court also imposed a $300 fine plus court costs. This appeal follows.

## The Appeal

{¶8}   McEwen raises two assignments of error for review:

> [1.] Isaiah's plea was not knowingly, intelligently, or voluntarily made. (T.p. at 10).

> [2.] Isaiah received ineffective assistance of counsel when entering his plea. (T.p. at 10).

## Crim.R. 11 – Change of Plea

{¶9}   In his first assignment of error, McEwen asserts that his plea was not knowingly, intelligently, or voluntarily entered. Specifically, McEwen asserts that the trial court failed to advise him of his constitutional rights as required by Crim.R. 11.  We disagree.

{¶10}   "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas." *Veney* at ¶ 7. Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of [her] rights and the consequences of [her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11,

quoting *State v. Stone*, 43 Ohio St.2d 163, 168, (1975). "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.), citing *State v. Dundics*, 2016-Ohio-1368, ¶ 10 (11th Dist.).

{¶11} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶12} When a defendant challenges his plea to a felony, a reviewing court engages in a three-prong inquiry: "(1) has the trial court complied with the relevant provision of [Crim.R. 11(C)(2)]? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating

prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶13} Upon review of the record, the trial court complied with the provisions of Crim.R. 11(C). The trial court addressed McEwen personally. The trial court inquired if McEwen understood the nature of the charge and the effect of a guilty plea. McEwen indicated that he did. The trial court also explained the rights McEwen would be waiving by pleading guilty, including his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial where he cannot be compelled to testify against himself. The trial court also explained the maximum penalty involved and the application of indefinite sentences pursuant to the Reagan Tokes Act. McEwen acknowledged that he was entering his plea freely and voluntarily without coercion.

{¶14} After completion of the colloquy, McEwen pleaded guilty to felonious assault as charged in the indictment. The agreement, including the above advisements, were also memorialized in a written plea agreement which was signed and acknowledged by McEwen. As such, the record indicates that the trial court complied with the Crim.R. 11(C) mandates.

{¶15} Accordingly, McEwen has not demonstrated that his plea was not knowingly, intelligently, and voluntarily given. McEwen's first assignment of error is without merit.

Case No. 2026-P-0007

## Ineffective Assistance of Counsel

{¶16} In his second assignment of error, McEwen alleges he received ineffective assistance of counsel during his plea. Specifically, McEwen argues that his counsel was ineffective for failing to advocate for community control sanctions. We disagree.

{¶17} "To establish ineffective assistance of counsel, [a defendant] must show (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 2022-Ohio-3697, ¶ 36 citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶18} A guilty plea precludes an appeal for ineffective assistance of counsel, "'except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea.'" *Cleavenger*, 2020-Ohio-73, at ¶ 18 (11th Dist.), quoting *Talley*, 2018-Ohio-5065, at ¶ 32 (11th Dist.). As this court has previously explained:

> "As a general proposition, the Supreme Court of Ohio has stated that 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" [*State v. Morrison*, 2009-Ohio-291 ¶ 7 (11th Dist.)], quoting *State v. Spates*, . . . 1992-Ohio-130 (citation omitted). "Consequently, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. This also includes a waiver of any action which may have resulted in a 'deprivation' of a constitutional right that did not affect the knowing and voluntary character of the plea." *Id.* (citation omitted).
>
> "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea

Case No. 2026-P-0007

is not sufficient to establish the requisite connection between guilty plea and the ineffective assistance. *** Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *State v. Bean* . . . 2009-Ohio-682 at ¶ 11, citing *State v. Madeline*, 2002-Ohio-1332, . . . at *10 (citations omitted); *State v. Smith*, . . . 2008-Ohio-1501, at ¶ 27 (citation omitted).

*State v. Davies*, 2009-Ohio-2793, ¶ 8-9 (11th Dist.).

{¶19} Indeed, in order to prevail on a claim of ineffective assistance of counsel in these circumstances, a defendant "must show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial." *State v. Hogya*, 2024-Ohio-639, ¶ 23 (11th Dist.), citing *State v. Hatcher*, 2023-Ohio-3884, ¶ 24 (8th Dist.). McEwen fails to demonstrate any probability that but for counsel's error, he would not have pled guilty to the offense. Accordingly, he cannot prevail on his ineffective assistance of counsel claim.

{¶20} Specifically, McEwen asserts that his counsel was ineffective for failing to advocate for community control sanctions. Specifically, McEwen alleges that counsel was ineffective for failing to advocate that he be placed in residential treatment, failing to provide any documentation, or have McEwen screened for any programming.

{¶21} Notably, McEwen does not assert that but for counsel's alleged deficiencies, he would not have entered a plea of guilty to the offense. As there is no claim that the alleged deficiencies affected the voluntary, knowing, or intelligent nature of McEwen's plea, the claim of ineffective assistance of counsel is precluded from review.

{¶22} Additionally, even if the claim was not precluded by his plea, the record belies McEwen's claim. In the signed Written Plea of Guilty, it explicitly states that the

parties are "free to argue sentence." Indeed, prior to imposing sentencing, the trial court heard from defense counsel who stated:

> In this case, the facts are pretty much undisputed. My client is having a spirited debate about college football on a front porch with a neighbor. It escalates when the alleged victim uses a homophobic slur that is particularly triggering to my client based on his past experience.
>
> The injury that ensues was serious and I know that the victim incurred financial loss and medical bills. My client was accountable, took accountability and prioritized trying to reimburse him. He took ServSafe while in custody. He is – he works in the kitchen in the jail.
>
> I would argue, and my client would ask, that the mitigating circumstances here rebut the presumption for prison and a CBCF [Community Based Corrections Facility] type of resolution be explored. My client needs therapeutic treatment to address the underlying issues here and incarceration and prison is not going to resolve the underlying issues that led to this.

Dkt. 37, p. 2-3.

{¶23}  McEwen's trial counsel advocated at the sentencing hearing for community control sanctions or community based corrections in lieu of prison. Thus, the record does not support McEwen's claim of ineffective assistance of counsel.

{¶24}  As such, McEwen's second assignment of error is also without merit.

## Conclusion

{¶25}  For the reasons set forth above, the judgment of the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2026-P-0007

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE ROBERT J. PATTON

JUDGE JOHN J. EKLUND,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-P-0007